UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHESSIE LOGISTICS COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 8864 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KRINOS FOODS, INC., 4545 JAMES PLACE | ) | |
| REALTY LLC, and KIRNOS FOODS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Chessie Logistics Company LLC brought this trespass suit under Illinois law against

Krinos Foods, Inc., 4545 James Place Realty LLC, and Krinos Foods LLC. Docs. 1, 46.

Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim. Doc. 29. The motion is denied.

In considering the motion to dismiss, the court assumes the truth of the complaint's

factual allegations but not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th

Cir. 2012). The court must also consider "documents attached to the complaint, documents that

are critical to the complaint and referred to in it, and information that is subject to proper judicial

notice," along with additional facts set forth in Plaintiff's brief opposing dismissal, so long as

those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745

n.1 (7th Cir. 2012). The following facts are set forth as favorably to Chessie as those materials

allow. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Chessie is "a common carrier by railroad which owns and operates … 1.006 miles of

railroad track and underlying real property" in Melrose Park, Illinois. Doc. 1 at ¶ 1. In addition,

Chessie "obtained and currently owns an easement to use tracks owned by others connecting

with [Chessie's] railroad track to facilitate its railroad operations." *Id*. at ¶ 2; *see also id*. at ¶ 5. Defendants own or operate an industrial facility adjacent to Chessie's railroad track. *Id*. at ¶ 3. The complaint alleges that Defendants' construction and other activities resulted in dirt, landfill, and debris covering the tracks, making them impassable. *Id*. at ¶¶ 6-8. The complaint further alleges that Defendants, when attempting to remove the dirt, landfill, and debris, damaged Chessie's track and dumped brush on Chessie's property. *Id*. at ¶¶ 9-12. Defendants' acts, the complaint asserts, rendered Chessie's track "impassable by trains" and interfered with its railroad operations. *Id*. at ¶ 13.

Defendants argue that the complaint should be dismissed because it fails to sufficiently allege the existence of a valid easement on which Defendants trespassed. This argument fails for three reasons.

First, the complaint sufficiently alleges that Chessie had a valid easement. As noted above, the complaint alleges that Chessie "obtained and currently owns an easement to use tracks owned by others connecting with [Chessie's] railroad track to facilitate its railroad operations." *Id*. at ¶ 2. A track for which Chessie has an easement, the complaint further alleges, is "adjacent to Defendants' facility" and "connects with [Chessie's] railroad track." *Id*. at ¶ 5. This is all Rule 8(a) requires with respect to alleging that Chessie has an easement. *See* Fed. R. Civ. P. 8(a) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."). This is so even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) ("allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'").

Second, even putting aside the sufficiency of the complaint's allegations regarding Chessie's ownership of the easement, Chessie's opposition brief attaches deeds that describe the property in detail and indicate that Chessie owns the easements. Docs. 34-1, 34-2. The deeds provide the detail that Defendants contend is missing from the complaint. In response to Chessie's submission of the deeds, Defendants argue that a plaintiff may not avoid dismissal by attaching exhibits to a brief opposing a motion to dismiss. Doc. 41 at 3. They are incorrect. *See Geinosky*, 675 F.3d at 745 n.1 (7th Cir. 2012) ("In the district court, … a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove.").

Third, Defendants do not contest that Chessie has a valid property interest in the railroad track and underlying property that Chessie actually owns. Thus, Defendants' placement of dirt and debris onto those tracks and that land could constitute a trespass. *See Lyons v. State Farm Fire & Cas. Co.*, 811 N.E.2d 718, 725 (Ill. App. 2004) ("A trespass is an invasion in the exclusive possession and physical condition of land.").

For these reasons, Defendants' motion to dismiss is denied. Defendants shall answer the complaint by June 18, 2014.

May 28, 2014

_____
United States District Judge