**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHESSIE LOGISTICS COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  13 C 8864 |
| | ) | |
| KRINOS HOLDINGS, INC., | ) | Judge Jorge L. Alonso |
| KRINOS FOODS, LLC, | ) | |
| KRINOS REALTY, LLC, and | ) | |
| 4545 JAMES PLACE REALTY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| 4545 JAMES PLACE REALTY, LLC, | ) | |
| | ) | |
| Counterplaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHESSIE LOGISTICS COMPANY, LLC, | ) | |
| | ) | |
| Counterdefendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are several motions.  For the reasons explained below, defendants'
motion to dismiss Count III of the amended complaint is granted; counterdefendant Chessie
Logistics Company, LLC's motion for judgment on the pleadings on the counterclaim is denied;
counterplaintiff 4545 James Place Realty, LLC's motion to supplement its response is denied;
and counterdefendant's motion to supplement its motion is denied.

**BACKGROUND**

Plaintiff, Chessie Logistics Company, LLC ("Chessie"), brought this action for trespass,
negligence, and violation of 49 U.S.C. § 10903 against defendants Krinos Holdings, Inc.; Krinos

Foods, LLC; Krinos Realty, LLC; and 4545 James Place Realty, LLC ("4545 James Place"). Chessie is "a common carrier by railroad" that "owns and operates 1.006 miles of railroad track and underlying real property" in Melrose Park, Illinois. (R. 74, Am. Compl. ¶ 1.) 4545 James Place owns, and one or more of the Krinos defendants operate, an industrial facility adjacent to Chessie's railroad track. (*Id.* ¶ 3.) Chessie alleges that it "obtained and currently owns an easement [] for the 'construction, operation, maintenance, repair and use of switch and spur track' . . . over lots located in the industrial park where the main line railroad track . . . is located." (*Id.* ¶ 2.) According to Chessie, this easement includes the use of a side track and a spur track that ends in a bumper, which "cross[] over" the property owned by 4545 James Place and connect with Chessie's lead railroad track. (*Id.* ¶ 4.)

Chessie alleges that in 2012, defendants' construction of a sewer line to serve their facility resulted in the burial of the spur track under landfill material, making the track impassable. (*Id.* ¶ 10.) The material deposited on the spur track altered the landscape by creating a "downward slope," causing "runoff from the slope to drain onto, encroach upon, and contaminate the lead railroad track and the side track, contaminating the rock ballasts supporting the track with dirt and thereby destabilizing the tracks during wet or freezing weather conditions due to the retained water." (*Id.* ¶ 12.) In addition, at some time in January or February 2013, defendants' construction activities resulted in dirt, landfill material, and other debris being deposited on Chessie's lead railroad track, causing it to become impassable and interfering with Chessie's railroad operations. (*Id.* ¶ 11.) It is further alleged that after Chessie complained to defendants, defendants attempted to remove the material but ended up damaging Chessie's track, burying the spur track even deeper, and creating drainage problems, and defendants also dumped brush on Chessie's property. (*Id.* ¶¶ 15-18.) Defendants assert that Chessie was never granted

easements on their property, or, in the alternative, Chessie abandoned the easements. (R. 78, Answer 9-10.)

## DISCUSSION

### A.    Defendants' Motion to Dismiss Count III

Defendants move to dismiss Count III of the amended complaint, which alleges that defendants violated 49 U.S.C. § 10903.

### 1.    Legal Standards

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570, 556 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

### 2. No Private Right of Action

Chessie alleges that defendants have violated 49 U.S.C. § 10903, a statute that requires rail carriers who provide transportation subject to the jurisdiction of the Surface Transportation Board (the "Board") to apply to the Board for authorization to abandon any part of, or discontinue the operation of all rail transportation over, any part of their railroad lines. 49 U.S.C. § 10903(a)(1). The statute describes what the carrier must include in the application and the procedural steps for its filing. *Id.* § 10903(a)(2), (3), (c)(2). Section 10903 also specifies the factors that the Board must consider when deciding whether to approve the application. *Id.* § 10903(d), (e). According to Chessie, when a party other than the rail carrier seeks to have a railroad line or a portion thereof to be deemed abandoned, that party must seek the approval of the Board through an "adverse abandonment" proceeding. (Am. Compl. ¶ 29.) Chessie's theory is that by rendering Chessie's lead railroad track impassable, defendants have caused an "unauthorized adverse abandonment" of a portion of that track in violation of § 10903. (*Id.* ¶ 30.)

Defendants contend that there is no private right of action under § 10903. The Court agrees. The statute does not expressly confer a private right of enforcement and contains no rights-creating language whatsoever from which the Court can infer a legislative intent to create such a right (or any remedy). *Cf. Mich. S. R.R. v. Branch & St. Joseph Cntys. Rail Users Ass'n*, 287 F.3d 568, 574 (6th Cir. 2002) (stating that § 10903 does not provide for a private cause of action by one party to a private contract against the other for its failure to obtain Board approval

for operation of a rail line, when such approval is made a condition of the contract).[1]  None of the cases cited by plaintiff support its argument that § 10903 implies a private right of action. Accordingly, Count III of the amended complaint is dismissed with prejudice.

**B.    Chessie's Motion for Judgment on the Pleadings on the Counterclaim**

4545 James Place has filed a counterclaim seeking: a declaratory judgment that Chessie does not own an easement in the side track or spur track (Count I); to quiet title (Count II); and ejectment (Count III).  Chessie moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015).

### 1.    Standing/Ripeness

Chessie's first argument is that on the declaratory judgment claim, 4545 James Place has failed to establish that it has standing and that there is an actual controversy ripe for adjudication under the Declaratory Judgment Act.  (Chessie's Mot. J. Pleadings 5-6.)  The Court rejects this argument.  A plaintiff invoking federal jurisdiction must demonstrate (1) an injury in fact, which is an invasion of a legally-protected interest that is concrete and particularized and actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable decision will redress the injury.  *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Defendant has adequately pleaded standing and ripeness by alleging that it owns the property in fee simple upon which the spur and side tracks are located, Chessie claims an

---

[1]Chessie's efforts to distinguish *Michigan Southern* on this point and argue that the decision actually supports its position are unavailing.

easement to use those tracks on defendant's property, and defendant disputes that Chessie has an easement. These allegations, if true, show that defendant has suffered an injury caused by Chessie that the Court can redress through a declaratory judgment regarding Chessie's right to an easement.

### 2. Abandonment

Chessie maintains that defendant has failed to adequately plead abandonment of any easement. "[T]o establish that a railroad has abandoned its right-of-way easement, it is necessary to prove actual relinquishment and the intention to abandon the use of the premises." *Schnabel v. Cnty. of DuPage*, 428 N.E.2d 671, 676 (Ill. App. Ct. 1981). "[M]ere nonuse for a fixed period is not of itself sufficient to establish an abandonment. Abandonment occurs . . . when nonuse is accompanied by acts which manifest an intention to abandon and which destroy either the object for which the easement was established or the means of its enjoyment." *Id.* (citation omitted). "Abandonment has been found to exist where no repairs were made on the railroad tracks, the rails rusted, the ties rotted, the road was overgrown with weeds, and the railroad conveyed part of the easement to a private person who used the depot as a residence . . . ." *Id.* (citations omitted).

Chessie asserts that defendant has failed to plead facts "beyond mere nonuse" to support its claim of abandonment. Defendant, however, has pleaded that Chessie has not used *or maintained* the tracks for many years and that Chessie had never notified defendants of an intent to use them prior to defendants' construction activities. (Countercl. ¶ 5.) Defendant has therefore pleaded facts that allow the Court to draw a reasonable inference that Chessie intended to abandon any easement.

### 3. Quiet Title and Ejectment

In Count II of its counterclaim, 4545 James Place seeks to quiet title to the disputed easement. In Count III, it seeks ejectment. Chessie contends that it is entitled to judgment on the pleadings as to these claims because defendant's Special Warranty Deed (the "Deed") to the 4545 James Place property, which is attached to the counterclaim as Exhibit 2, "gives actual notice of easements over the property" and "encumbers [4545 James Place's] ownership of the property in favor of these easements." (Chessie's Mot. J. Pleadings 9, 11.) 4545 James Place's deed provides that the conveyance is subject to the "Permitted Exceptions as set forth on Exhibit B." (Countercl., Ex. 2, Deed 1.) Two of the Permitted Exceptions are a "[s]pur track easement over the Southeasterly portion of the Real Estate as disclosed by survey prepared by Preferred Survey, Inc. dated June 4, 2010" and "[r]ailroad rights-of-way and spur tracks over the Easterly 15 feet of the Real Estate as disclosed by survey prepared by Preferred Survey, Inc. dated June 4, 2010." (*Id.,* Ex. B.)

As defendant points out, the Deed identifies what is excluded from its title to the property, but it does not establish that Chessie owns the easements it claims. Chessie's argument

also ignores defendant's claim that even if Chessie owned the easements, it abandoned them. Therefore, the Court denies Chessie's motion as to Counts II and III.[2]

## CONCLUSION

Defendants' motion to dismiss Count III of the amended complaint [76] is granted. Count III of the amended complaint is dismissed with prejudice. Counterdefendant Chessie Logistics Company, LLC's motion for judgment on the pleadings on counterplaintiff 4545 James Place Realty, LLC's counterclaim [81] is denied. Counterplaintiff 4545 James Place Realty, LLC's motion to supplement its response to counterdefendant's motion for judgment on the pleadings [92] is denied. Counterdefendant's motion to supplement its motion for judgment on the pleadings [121] is denied. This case is set for a status hearing on April 23, 2015 at 9:30 a.m.

SO ORDERED.                    ENTERED:    **April 10, 2015**

_____
**JORGE L. ALONSO**
**United States District Judge**

---

[2]Each side has filed a motion to supplement its briefing with documents recently received in discovery. 4545 James Place seeks leave to supplement its response with the Purchase and Sale Agreement pursuant to which Chessie purchased its real property; a commitment for title insurance; a September 2012 survey of the lots; and a July 2014 e-mail chain between Chessie's counsel and counsel for the entity from which Chessie purchased its property. Chessie seeks leave to supplement its motion with 4545 James Place's Purchase and Sale Agreement for its property. At least some, if not all, of these submissions are matters outside the pleadings. To consider them, the Court would be required to convert Chessie's motion to a summary judgment motion. The Court declines to do that because discovery is not yet closed. Moreover, the Court does not find it necessary to consider these materials in order to render a decision on Chessie's motion. Both motions to supplement are therefore denied.