# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHESSIE LOGISTICS COMPANY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KRINOS HOLDINGS, INC., ) <br> KRINOS FOODS, LLC, ) <br> KRINOS REALTY, LLC, and ) <br> 4545 JAMES PLACE REALTY, LLC, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> 4545 JAMES PLACE REALTY, LLC, ) <br> ) <br> Counterplaintiff, ) <br> ) <br> v. ) <br> ) <br> CHESSIE LOGISTICS COMPANY, LLC, ) <br> ) <br> Counterdefendant. ) | No. 13 C 8864 <br><br> Judge Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff/counterdefendant's motion to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1), which is denied for the following reasons.

## BACKGROUND

The reader's familiarity with the case is presumed; the Court recounts only those aspects of the case necessary for this ruling. Plaintiff, Chessie Logistics Company, LLC ("Chessie"), brought this action for trespass, negligence, and violation of 49 U.S.C. § 10903 against defendants Krinos Holdings, Inc.; Krinos Foods, LLC; Krinos Realty, LLC; and 4545 James Place Realty, LLC ("4545 James Place"). Chessie is a common carrier by railroad that claims to

own in fee simple a lead railroad track in Melrose Park, Illinois that is adjacent to, as well as easements for the use of a side track and spur track that cross over, property owned by 4545 James Place where one or more of the Krinos defendants operate an industrial facility. The Court previously dismissed with prejudice Chessie's claim for violation of 49 U.S.C. § 10903, leaving only the state-law claims.[1]

4545 James Place filed a counterclaim for declaratory judgment and ejectment and to quiet title, asserting that Chessie was never granted the easements or, in the alternative, it abandoned them. Chessie moves to dismiss the counterclaim on the ground that the relief sought by 4545 James Place would have the effect of regulating rail transportation, which is within the exclusive jurisdiction of the Surface Transportation Board ("STB").

## DISCUSSION

Chessie's motion is ostensibly brought under Rule 12(b)(1) for lack of subject-matter jurisdiction. Chessie argues that 4545 James Place's counterclaim must be dismissed with prejudice because the relief sought therein is "expressly and completely preempted by" Section 10501(b) of the Interstate Commerce Commission Termination Act ("ICCTA"). (ECF No. 146, Chessie's Mot. Dismiss at 1.) The ICCTA states in relevant part that the jurisdiction of the STB over "transportation by rail carriers" and "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State," is "exclusive." 49 U.S.C. § 10501(b). In Chessie's view, because all counts of the counterclaim are based on the theories that either Chessie never acquired easement rights in the spur track or it abandoned them, the

---

[1] Jurisdiction is also premised on diversity of citizenship.

claims are preempted by the ICCTA and subject to dismissal with prejudice because this Court lacks subject-matter jurisdiction over them.

Chessie's argument confuses the concepts of subject-matter jurisdiction and primary jurisdiction. The basis for the motion is that the STB has exclusive primary jurisdiction over matters affecting rail transportation, including the "acquisition" and "abandonment" of spur tracks. This is an invocation of the doctrine of primary jurisdiction, which "is not, despite its name, jurisdictional." *Baltimore & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 411 (7th Cir. 1998); *see also Gross Common Carrier, Inc. v. Baxter Healthcare Corp.*, 51 F.3d 703, 706 (7th Cir. 1995) ("[P]rimary jurisdiction is quite different from subject matter jurisdiction. It does not . . . concern a court's power to hear a case in the first instance.") (citation omitted); *Kendra Oil & Gas, Inc. v. Homco, Ltd.*, 879 F.2d 240, 242 (7th Cir. 1989) ("'Primary jurisdiction' can't be shoehorned into 'subject-matter jurisdiction.'"). The doctrine "is implemented by abstention—which means by staying rather than dismissing the litigation." *Baker v. IBP, Inc.*, 357 F.3d 685, 688 (7th Cir. 2004). Accordingly, this Court has the power to hear the counterclaim, so dismissal of the counterclaim with prejudice (the only relief sought by Chessie) is inappropriate. *See id.* at 388. What Chessie is essentially saying is that although it has chosen to resort to this court for resolution of claims that will require it to prove that it possesses an easement for use of the spur track, the doctrine of primary jurisdiction completely deprives 4545 James Place of its defenses to those claims and the ability to obtain the corresponding relief it seeks. None of the authority cited by Chessie, however, stands for that proposition.

## CONCLUSION

The motion of plaintiff/counterdefendant Chessie Logistics Company, LLC to dismiss the counterclaim of 4545 James Place Realty, LLC [146] is denied. The parties' cross-motions for summary judgment and plaintiff's motion to supplement its exhibits remain under advisement.

SO ORDERED.                    ENTERED:    March 31, 2016

                                                         _____
                                                         **JORGE L. ALONSO**
                                                         **United States District Judge**